IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

M RANDY RICE, Trustee for Shur-Valu      *
Stamps, Inc, et al.,                     *
                                         *
            Plaintiff,                   *
                                         *
vs.                                      *      Case No: 4:11CV668 SWW
                                         *
                                         *
JOHN MILLS, ET AL.,                      *
                                         *
            Defendants.                  *
                                         *

**Order**

Shur-Valu Stamps, Inc. ("Shur-Valu") filed a petition for Chapter 11 bankruptcy on May 5, 2009 . The Chapter 11 case was converted to Chapter 7 case on August 13, 2009, and M Randy Rice was appointed as trustee for Shur-Valu.[1]   On May 4, 2011, Rice filed an adversary proceeding in bankruptcy court against fourteen former officers and members of the board of directors of Shur-Valu, alleging breach of fiduciary duty, negligence, civil conspiracy, unjust enrichment, and waste of corporate assets.[2]   United States District Judge Brian Miller granted the motion to withdraw the reference on September 7, 2011, and on October 4, 2011, the case was reassigned to this Court.

---

[1]*In re Shur Valu Stamps, Inc.*, Case No. 4:09bk-13183.

[2]*Rice v. Mills*, No. 4:11-ap-1151.

Separate defendant John Miller moves the Court to abstain from exercising jurisdiction in this case in order to allow the state law claims to be resolved in a pending state court case, *Kelley v. John Mills, et al*., Civil Action No. 09-5139-3.  Miller argues abstention is mandated by 28 U.S.C. § 1334(c)(2).  In the alternative, he argues the Court should exercise permissive abstention pursuant to 28 U.S.C. § 1334(c)(1).  For the same reasons the Court denied the motion to abstain in *Cox v. Hendrix*,[3] the Court denies the motion to abstain in this case.  The Court finds Miller fails to establish a parallel action has been commenced in state court or that the action can be timely adjudicated in state court.  The Court further finds Miller fails to show that permissive abstention is appropriate.

IT IS THEREFORE ORDERED that the motion to abstain [docket entry 14] is denied.

DATED this 19th day of October, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3]*See* docket entry 42 in *Cox v. Hendrix et al.*, Case No. 4:11cv558 SWW.